UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COHEN LANS LLP,

                        Plaintiff,

                 -v-

DAVID M. NASEMAN,

                        Defendant.

14-CV-4045 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

    Cohen Lans LLP ("Cohen Lans") initiated this action against David M. Naseman, an attorney proceeding *pro se*, to recover unpaid legal fees and expenses in connection with Cohen Lans' legal representation of Naseman in a civil action from 2007 to 2009. (Dkt. No. 15 ("Compl.").) In an Opinion and Order dated February 3, 2017, this Court granted summary judgment in favor of Cohen Lans. (Dkt. No. 153.) Naseman now moves for reconsideration. (Dkt. No. 155.) For the reasons that follow, the motion is denied.

**I.    Discussion**

    Familiarity with the facts of this case, as set out in the Court's prior Opinion and Order, is presumed. *See Cohen Lans LLP v. Naseman*, No. 14 Civ. 4045, 2017 WL 477775 (S.D.N.Y. Feb. 3, 2017).

    "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Pablo Star Ltd. v. Welsh Gov't*, No. 15 Civ. 1167, 2016 WL 2745849, at *1 (S.D.N.Y. May 11, 2016) (quoting *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011)). In order to prevail on a motion for reconsideration, a movant must demonstrate "(i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or prevent

1

manifest injustice." *Id.* (citing *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580–81 (S.D.N.Y. 2013)).

Naseman's first argument for reconsideration is that the Court improperly denied him the special solicitude due to *pro se* litigants. (Dkt. No. 156 at 3-6.) *See Naseman*, 2017 WL 477775, at *3 n.1. Though Naseman acknowledges that he is an attorney—the basis for the Court's denial of special solicitude—he claims that he nonetheless deserves *pro se* treatment because he has "never personally represented a client in state or federal court . . . performed only as a corporate and telecommunications attorney during five decades of practice . . . has been retired from active practice since 2012, and does not maintain an office nor any form of litigating systems, processes and related equipment." (Dkt. No. 156 at 4.)

"It is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). "The rationale underlying this rule is that a *pro se* litigant generally lacks both legal training and experience and, accordingly, is likely to forfeit important rights through inadvertence if he is not afforded some degree of protection." *Id.* However, "the appropriate degree of special solicitude is not identical with regard to all *pro se* litigants." *Id.* at 102. "[T]he degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented." *Id.* "The ultimate extension of this reasoning is that a lawyer representing himself *ordinarily* receives no such solicitude at all." *Id.* (emphasis added). The decision of what degree of solicitude to offer a *pro se* litigant is committed to the discretion of the trial court. *Id.* at 102-03.

Naseman argues that as a retired corporate attorney, his is not the ordinary case in which an attorney proceeding *pro se* should be denied special solicitude.[1] While it is true that *Tracy* leaves some room for an attorney to receive *pro se* solicitude, the Court is unconvinced that Naseman, who has legal training and five decades of experience, is at risk of "forfeit[ing] important rights through inadvertence if he is not afforded some degree of protection." *Id.* at 101. Though he is not an actively practicing litigator (that is, not counting the five times he has been sued for non-payment of professional services fees, *Naseman*, 2017 WL 477775, at *3), Naseman's baseline familiarity with the law as an experienced attorney is leagues greater than that of an ordinary *pro se* litigant. Moreover, Naseman has not adequately explained how the relatively slim degree of solicitude to which he might be entitled would change the Court's decision on summary judgment.

Accordingly, the Court's failure to consider this additional context around the nature of Naseman's legal practice in determining whether he is entitled to special solicitude as a *pro se* litigant does not amount to a clear error or manifest injustice so as to justify reconsideration.

Moving to his arguments on the merits, Naseman has failed to demonstrate any of the conditions under which the Court may grant a motion for reconsideration. The bulk of his argument for reconsideration rehashes the arguments Naseman made at summary judgment. (Dkt. No. 156 at 6-32.) He revisits the allegations surrounding the failure of the December Settlement, the nature of his contract with Cohen Lans, and the adequacy of Cohen Lans' representation (*id.* at 6-20), all of which the Court addressed in its prior Opinion, *Naseman*, 2017 WL 477775, at *4, *11-12. Naseman also reargues the breach of contract and account stated

---

[1] Naseman also argues that because he is a *defendant* rather than a *plaintiff,* he is entitled to further solicitude; however, this claim finds no support in the case law, which focuses on the party itself rather than its position in the litigation. (Dkt. No. 56 at 4-5.)

claims (Dkt. No. 156 at 20-27), both of which the Court decided on summary judgment, *Naseman*, 2017 WL 477775, at *4-7. Finally, Naseman argues that he was prejudiced by Cohen Lans' delays in this litigation (Dkt. No. 156 at 27-31); this argument in part overlaps with his prior claims of equitable estoppel and unclean hands, decided on summary judgment, and in part raises new arguments that should have been raised on summary judgment, *Naseman*, 2017 WL 477775, at *8-9. Naseman does not argue that a change in controlling law or the availability of new evidence justifies reconsideration; rather, he seeks a "second bite at the apple," but has not demonstrated either clear error or manifest injustice. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

**II.    Conclusion**

For the foregoing reasons, Naseman's motion for reconsideration is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 155.


SO ORDERED.


Dated:  May 10, 2017
        New York, New York

_____
J. PAUL OETKEN
United States District Judge